CLD-019                                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3649
_____

IN RE:  WILLIAM ROHLAND,
                                                                        Petitioner
_____

On a Petition for a Writ of Mandamus
(Related to M.D. Pa. Civ. Nos. 1-10-cv-02420 & 1-12-cv-02306)
_____

Submitted Pursuant to Fed. R. App. Pro. 21
October 24, 2013

Before:  FUENTES, JORDAN and SHWARTZ, <u>Circuit</u> <u>Judges</u>

(Opinion filed: October 29, 2013)
_____

OPINION
_____

PER CURIAM

Petitioner William Rohland, a state prisoner, filed this petition for a writ of

mandamus pursuant to 28 U.S.C. § 1651, seeking an order directing our Clerk to produce

a state court record.  For the following reasons, we will deny the petition.

In June 2006, Rohland was convicted in Pennsylvania state court on two counts of

driving under the influence, for which he was sentenced to one to five years of

imprisonment.  Subsequently, he was convicted of two counts of criminal homicide for

which he received two consecutive terms of life imprisonment. At the completion of his sentence for the DUI convictions, Rohland immediately began serving his life sentences.

Rohland filed two petitions for habeas relief pursuant to 28 U.S.C. § 2254. In his first petition, he presented claims attacking his homicide convictions, including that his life sentences were never memorialized in a written sentencing order signed by a judge. The District Court denied the petition,[1] see M.D. Pa. Civ. No. 10-cv-02420, and we declined to issue a certificate of appealability. See C.A. No. 12-4249. In his second petition, Rohland argued that his continued confinement after the completion of his sentence for the DUI convictions was a violation of due process and the Ex Post Facto Clause. Specifically, he argued that the Department of Corrections had no legal right to incarcerate him because, as he had argued in his first habeas petition, the written judgment of sentence did not include a term of imprisonment. The District Court denied the petition and a subsequent motion for reconsideration. See M.D. Pa. Civ. No. 12-cv-02306. In the instant mandamus petition, Rohland seeks production of the state court record in his criminal case for the homicide convictions, including a copy of the written sentencing order, which he refers to as "document #55."

---

[1] The original sentencing order, dated October 2, 2007, imposed two terms of life imprisonment. Rohland argued that it was invalid because it was neither signed by the judge nor entered into the docket. The sentence was modified on October 11, 2007, to reflect the imposition of restitution and costs for the expenses of the victims' funerals. Rohland argued that this order, which was signed by the judge, was the only valid order, and that it did not impose a term of incarceration. The District Court rejected this argument indicating that "the evidence of record makes clear that the written sentence was amended to reflect a (sic) two sentences of life imprisonment without parole within the thirty day period for sentence modification . . ."

Our jurisdiction derives from 28 U.S.C. § 1651, which grants us the power to "issue all writs necessary or appropriate in aid of [our jurisdiction] and agreeable to the usages and principles of law." A writ of mandamus is an extreme remedy that is invoked only in extraordinary situations. See Kerr v. United States Dist. Court, 426 U.S. 394, 402 (1976). To justify the use of this extraordinary remedy, a petitioner must show both a clear and indisputable right to the writ, and that he has no other adequate means to obtain the relief desired. See Haines v. Liggett Grp. Inc., 975 F.2d 81, 89 (3d Cir. 1992).

Although the mandamus petition names our Clerk as the respondent, Rohland is in essence seeking an order compelling state action with respect to state court records. A writ of mandamus in federal court authorizes the district court to compel an officer of the United States to perform her duty. 28 U.S.C. § 1361. This Court does not have jurisdiction to issue a writ of mandamus against a state officer or a state court. Moreover, because Rohland does not explicitly state for what purpose the record is to be used, or why this Court should order its production, particularly where his habeas claims regarding his homicide convictions have been adjudicated, he has not demonstrated an indisputable right to the writ. Finally, to the extent Rohland needs a certain document (#55) to further advance his claims with respect to his habeas petition filed at 12-cv-02306, he has an adequate remedy in the federal statutes for federal habeas corpus petitioners who need copies of critical records. See 28 U.S.C § 2250. Accordingly, Rohland is not entitled to this extraordinary relief.

For the foregoing reasons, we will deny the petition for writ of mandamus. Rohland's motion for appointment of counsel and request for hearing are denied.